UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETS

| | |
|---|---|
| TODD HAKIMI,<br><br>         Plaintiff,<br><br>    -v-<br><br>THE BAUPOST GROUP, L.L.C., BAUPOST PARTNERS, L.L.C., SAK CORPORATION, BAUPOST GROUP LIMITED, BAUPOST GROUP INTERNATIONAL L.L.P., BAUPOST LIMITED PARTNERSHIP 1983 A -1, BAUPOST LIMITED PARTNERSHIP 1983 B-1, BAUPOST LIMITED PARTNERSHIP 1983 C-1, BAUPOST VALUE PARTNERS L.P. – I, BAUPOST VALUE PARTNERS L.P. – II, BAUPOST VALUE PARTNERS L.P. – III, BAUPOST VALUE PARTNERS L.P. – IV, BSP PARTNERS L.P., HB INSTITUTIONAL LIMITED PARTNERSHIP, PB INSTITUTIONAL LIMITED PARTNERSHIP, YB INSTITUTIONAL LIMITED PARTNERSHIP and SETH A. KLARMAN,<br><br>         Defendants,<br>and<br><br>INNOVIVA, INC.,<br><br>         Nominal Defendant. | Civil Action No.<br><br>(*Jury Trial Demanded*)<br><br><br>COMPLAINT |

  Plaintiff Todd Hakimi ("Hakimi"), by his undersigned attorneys, alleges upon information and belief as to all paragraphs except paragraph 3, as follows:

**Nature of the Action**

  1. This is an action to obtain disgorgement of "short-swing" profits obtained by defendants from purchases and sales of common stock of Nominal Defendant Innoviva, Inc., in

violation of Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p ("§16(b) or Section 16(b)").

2. Section 16(b) provides that if a person, while beneficially owning more than 10% of a class of equity securities of an issuer, purchases and sells, or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

### The Parties

3. Plaintiff Hakimi is a New York resident who is the owner of common stock of Innoviva, Inc. ("Innoviva" or the "Company").

4. Innoviva, a nominal defendant herein, is a Delaware corporation with its principal place of business at 2000 Sierra Point Parkway, Suite 500, Brisbane, CA 94005.

5. Defendant The Baupost Group, L.L.C. ("Baupost") is a limited liability company organized under the laws of the Commonwealth of Massachusetts with its principal place of business at 10 St. James Avenue, Suite 1700, Boston, MA 02116.  Baupost is a registered investment adviser that is the managing general partner to eleven investment funds, each a Delaware limited partnership (the "Baupost Investment Partnerships").  According to Baupost's most recent Form ADV Part 2A dated March 23, 2017 ("ADV Part 2A"), Item 4: "[a]s managing general partner of each Partnership, Baupost is solely responsible for the management and administration of such Partnership, including the making of all investment decisions on behalf of such Partnership and the placing of all orders for the purchase and sale of investments".

6. Baupost serves as the investment adviser and managing general partner to the Baupost Investment Partnerships, all Delaware limited partnerships.  These partnerships which

are all named as defendants herein are: (i) Baupost Limited Partnership 1983 A-1 ("A-1"); (ii) Baupost Limited Partnership 1983 B-1 ("B-1"); (iii) Baupost Limited Partnership 1983 C-1 ("C-1"); (iv) Baupost Value Partners, L.P. - I ("Value-I"); (v) Baupost Value Partners, L.P. - II ("Value-II"); (vi) Baupost Value Partners, L.P.- III ("Value-III"); (vii) Baupost Value Partners, L.P. - IV ("Value-IV"); (viii) BSP Partners, L.P. ("BSP"); (ix) HB Institutional Limited Partnership ("HB"); (x) PB Institutional Limited Partnership ("PB"); and (xi) YB Institutional Limited Partnership ("YB").

7. At all relevant times defendant Baupost Partners, L.L.C. ("Baupost Partners") was a Massachusetts limited liability company, having its principal place of business at 10 St. James Avenue, Suite 2000, Boston, Massachusetts 02116. (Effective December 31, 2017, Baupost Partners merged into a Delaware Limited Liability Company of the same name and address which is the surviving company). Baupost Partners serves as "profit sharing general partner" to the Baupost Investment Partnerships.

8. Defendant SAK Corporation ("SAK") is a Massachusetts corporation with its principal place of business at 10 St. James Avenue, Suite 1700, Boston, MA 02116. SAK is the Manager of Baupost and Baupost Partners.

9. Defendant Baupost Group International LLP ("Baupost International") is a limited liability partnership organized under the laws of the United Kingdom with its principal place of business at 45 Old Bond Street, London, United Kingdom W1S 4QT. Baupost International is an affiliate of Baupost and acts as an adviser to the Baupost Investment Partnerships.

10. Defendant Baupost Group Limited ("Baupost Limited") is a private limited company organized under the laws of the United Kingdom with offices at 45 Old Bond Street,

London, United Kingdom W1S 4QT.  Baupost Limited is the principal shareholder and Managing Member of Baupost International.

11. Defendant Seth A. Klarman ("Klarman") is an individual with a business address at 10 St. James Avenue, Suite 1700, Boston, MA 02116.  Klarman is Baupost's President, Chief Executive Officer, Portfolio Manager and principal owner.  According to the ADV Part 2A, Item 4, Klarman "has been managing the investments of Baupost's clients since the company's inception" in 1982.  Klarman is the sole shareholder of SAK and principal shareholder of Baupost Limited.   A Chart showing the organizational and investment control structure of all Defendants is annexed as **Exhibit A**.

## JURISDICTION AND VENUE

12. Jurisdiction of this court and venue in this District are proper pursuant to 15 U.S.C. § 78aa in that Defendants maintain offices or are otherwise found in this District and certain of the acts underlying this action occurred in this District.

## SECTION 16(b) GROUP ACTIVITY

13. Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act ("§13(d)"), such persons are deemed to be a "group" for purposes of determining §16(b) liability.  Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation.  If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner

and is liable to disgorge profits arising from transactions by such group member effected within a six-month period.

14.     Defendants Baupost, Baupost Partners, SAK, Baupost International, Baupost Limited, the Baupost Investment Partnerships and Klarman constitute a group (collectively the "Baupost Group") for purposes of determining beneficial ownership under §§ 13(d)(3) and 16(b) of the Exchange Act.  At all relevant times, the Baupost Group was a greater than 10% beneficial owner of the Company's common stock, $0.001 par value (the "Common Stock") and garnered short-swing profits disgorgeable to the Company in the transactions hereinafter set forth.  As Klarman, through Baupost, directed all purchases and sales for each of the Baupost Group members, at all relevant times, a group was formed and operative within the meaning of §13(d), for the purpose of acquiring, holding and disposing of shares of Common Stock.

15.     Other indicia of group membership include the fact that various SEC filings were made collectively on behalf of all group members, Klarman is Baupost's President, CEO, Portfolio Manager, and principal owner.  Baupost acts as the Managing General Partner for the Baupost Investment Partnerships and directs their trading activity in Innoviva equity securities.  Klarman through SAK and Baupost Partners acts as a profit sharing general partner in the Baupost Investment Partnerships and has a pecuniary interest in their investments.  Klarman through Baupost Limited and Baupost International also acts as adviser to the Baupost Investment Partnerships.

### DEFENDANTS' PURCHASES AND SALES OF INNOVIVA STOCK

16.     From no later than June 30, 2016 through May 9, 2017, the Baupost Group purchased and sold shares of the Company while the Baupost Group was a greater than 10%

beneficial owner of the Company's outstanding Common Stock.  In Schedule 13G and Form 13F filings, the Baupost Group disclosed beneficial ownership as set forth below:

| SEC Form | Filing Date | # Shares Beneficially Owned | # Shares Outstanding | Percent Beneficial Ownership |
| --- | --- | --- | --- | --- |
| 13G/A | 02/12/2016 | 22,255,543 | 117,196,119 | 18.99% |
| 13F | 08/12/2016 | 17,610,091 | 113,069,974 | 15.57% |
| 13G/A | 09/09/2016 | 17,371,043 | 111,202,828 | 15.62% |
| 13F | 11/14/2016 | 14,931,483 | 111,202,828 | 13.43% |
| 13G/A | 02/14/2017 | 17,269,879[1] | 108,731,402 | 15.88% |
| 13F | 02/14/2017 | 14,931,483 | 108,731,402 | 13.73% |
| 13F | 05/12/2017 | 11,573,663 | 109,201,168 | 10.60% |
| 13G/A | 05/09/2017 | 1,010,624 | 109,354,866 | 0.92% |

17. These filings demonstrate that the Baupost Group both purchased and sold at least 2,338,396 million shares within a six month period, while greater than a 10% beneficial owner.

18. Based on the Baupost Group's filings, there is no basis for the Baupost Group to deny the existence of a Section 13(d) group with greater than 10% beneficial ownership, nor is there any basis on which the Baupost Investment Partnerships are not liable as statutory insiders. Based on the share price of the Company's shares during the aforementioned periods, it is all but certain that the Baupost Group garnered short-swing profits of in the approximate range of $4 to $8 million.

19. Because the Baupost Group violated its reporting requirements under Section 16(a) of the Exchange Act, it is not possible to determine the full extent of the short-swing profits that the Baupost Group garnered in violation of Section 16(b).

---

[1] The Schedule 13G and Form 13F documents filed February 14, 2017 are inconsistent to the extent they disclose different numbers of shares beneficially owned by the Baupost Group as of December 31, 2016.

## AS AND FOR A FIRST CLAIM FOR RELIEF

20. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19, *supra*, as if fully set forth herein.

21. As particularized in paragraphs 16 through 19, *supra*, the Baupost Group engaged in transactions which yielded short swing profits subject to disgorgement to the Company.

22. Each of the defendants has a pecuniary interest in short-swing profits realized by the Baupost Group and is liable to disgorge to Innoviva its short swing profits to the extent of its or his respective pecuniary interests in the transactions.

23. Plaintiff is unable to precisely ascertain the amount of the disgorgeable profits, but upon information and belief, these profits exceed $4,000,000.

## ALLEGATIONS AS TO DEMAND

24. Plaintiff made due demand on Innoviva to commence this lawsuit, but it has failed to do so.

WHEREFORE, plaintiff demands judgment on behalf of Innoviva against defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

> Respectfully submitted,
> Plaintiff
> TODD HAKIMI
> By his attorneys,
>
> /s/ Robert R. Pierce
> Robert R. Pierce (BBO #549172)
> Pierce & Mandell, P.C.
> 11 Beacon Street, Suite 800
> Boston, Massachusetts 02108
> bob@piercemandell.com
> P: (617) 720-2444
> F: (617 720-3693

Paul D. Wexler
110 E. 59th Street, 23rd Floor
New York, New York 10022
(212) 317-0777
pdw@paulwexlerlaw.com

Glenn F. Ostrager
Joshua S. Broitman
OSTRAGER CHONG FLAHERTY &
BROITMAN P.C.
570 Lexington Avenue
New York, New York 10022-6837
(212) 681-0600
gostrager@ocfblaw.com

PRO HAC VICE APPLICATIONS
PENDING FILING FOR MESSRS.
WEXLER, OSTRAGER AND BROITMAN

Dated: January 9, 2018