UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TODD HAKIMI,<br><br>      Plaintiff,<br><br>Vs.<br><br>THE BAUPOST GROUP, L.L.C., BAUPOST PARTNERS, L.L.C., SAK CORPORATION, BAUPOST GROUP LIMITED, BAUPOST GROUP INTERNATIONAL, L.L.P., BAUPOST LIMITED PARTNERSHIP 1983 A-1, BAUPOST LIMITED PARTNERSHIP 1983 B-1, BAUPOST LIMITED PARTNERSHIP 1983 C-1, BAUPOST VALUE PARTNERS, L.P. – I, BAUPOST VALUE PARTNERS, L.P. – II, BAUPOST VALUE PARTNERS, L.P. III, BAUPOST VALUE PARTNERS, L.P. – IV, BSP PARTNERS, L.P., HB INSTITUTIONAL LIMITED PARTNERSHIP, PB INSTITUTIONAL LIMITED PARTNERSHIP, YB INSTITUTIONAL LIMITED PARTNERSHIP, and SETH A. KLARMAN,<br><br>      Defendants,<br><br>and<br><br>INNOVIVA, INC.,<br><br>      Nominal Defendant. | Civil Action No.<br>1:18-cv-10044-ADB |

## ANSWER OF NOMINAL DEFENDANT INNOVIVA, INC.

Nominal Defendant Innoviva, Inc. ("Innoviva") for its answer to the Complaint of Plaintiff Todd Hakimi ("Complaint") states as follows:

## Nature of the Action

1. To the extent this allegation describing the action requires an answer, Innoviva is without sufficient information and knowledge to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies them.

2. Paragraph 2 of the Complaint states a conclusion of law and is, therefore, denied.

## The Parties

3. Innoviva is without sufficient information and knowledge to form a belief about the truth of the allegations in Paragraph 3 of the Complaint and, therefore, denies them.

4. Innoviva admits the allegations in Paragraph 4 of the Complaint.

5. Innoviva is without sufficient information and knowledge to form a belief about the truth of the allegations in Paragraph 5 of the Complaint and, therefore, denies them.

6. Innoviva is without sufficient information and knowledge to form a belief about the truth of the allegations in Paragraph 6 of the Complaint and, therefore, denies them.

7. Innoviva is without sufficient information and knowledge to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies them.

8. Innoviva is without sufficient information and knowledge to form a belief about the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies them.

9. Innoviva is without sufficient information and knowledge to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies them.

10. Innoviva is without sufficient information and knowledge to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies them.

11. Innoviva is without sufficient information and knowledge to form a belief about the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies them.

### Jurisdiction and Venue

12. Paragraph 12 of the Complaint states a conclusion of law. Further, Innoviva is without sufficient information and knowledge to form a belief about the truth of the allegations in Paragraph 12 of the Complaint. Therefore, Innoviva denies them.

### Section 16(b) Group Activity

13. Paragraph 13 of the Complaint states a conclusion of law and is, therefore, denied.

14. Innoviva is without sufficient information and knowledge to form a belief about the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies them.

15. Innoviva is without sufficient information and knowledge to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and, therefore, denies them.

23. Innoviva is without sufficient information and knowledge to form a belief about the truth of the allegations in Paragraph 23 of the Complaint and, therefore, denies them.

### Allegations as to Demand

24. Innoviva denies the allegations set forth in Paragraph 24 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each claim for relief alleged therein fails to state a cause of action against Innoviva upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief sought by Hakimi is barred by the principles of waiver and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

Hakimi's claims are barred by the applicable Statute of Frauds.

### FOURTH AFFIRMATIVE DEFENSE

Innoviva did not in any way violate the Securities Exchange Act of 1934 or any other law through its actions or inactions as described in the Complaint, nor does the Complaint allege that it did.

### FIFTH AFFIRMATIVE DEFENSE

Hakimi made no demand on Innoviva to commence this lawsuit.

WHEREFORE, Innoviva demands judgment dismissing it as a Defendant and for such other relief as this Court deems just and proper.

                Respectfully submitted,

                INNOVIVA, INC.
                By its attorneys,

                */s/ Kurt S. Kusiak*
                Kurt S. Kusiak, BBO #559254
                ksk@fitchlp.com
                Michele E. Connolly, BBO #680946
                mec@fitchlp.com
                FITCH LAW PARTNERS, LLP
                One Beacon Street
                Boston, MA 02108
                617-542-5542

## CERTIFICATE OF SERVICE

I, Kurt S. Kusiak, hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 30, 2018.

                */s/ Kurt S. Kusiak*
                Kurt S. Kusiak